**CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON,
Plaintiff,**

v.

**AMERICAN SAFETY INSURANCE
SERVICES, INC., American Safety
Indemnity Company, Defendants.**

No. CV 09–01088 DDP (CTx).

United States District Court,
C.D. California.

Motion filed on April 2, 2010.

June 29, 2010.

George Knopfler, James M. Pazos, Knopfler and Pazos APLC, Westlake Village, CA, for Plaintiff.

David S. Blau, David M. Morrow, Law Offices of David S. Blau, Los Angeles, CA, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

DEAN D. PREGERSON, District Judge.

Before the Court is a motion for summary judgment filed by the defendants American Safety Insurance Services, Inc. ("ASIS") and American Safety Indemnity Company ("ASIC"). After reviewing the parties' moving papers, the Court GRANTS the motion.

### I. Background

On April 27, 2005, Alexandra Negri filed an action (the "underlying action") against Ashby USA ("Ashby") and various other entities in California Superior Court, asserting claims arising out of a motor vehicle accident that occurred on one of Ashby's real estate development sites.

The plaintiff in this action, Certain Underwriters at Lloyd's of London ("Plain-

tiff") defended and settled the claims against Ashby in the underlying action. Plaintiff subsequently filed this suit against ASIC and ASIS, seeking contribution on the ground that Ashby is an additional insured under an insurance policy that ASIC issued to one of Ashby's contractors, Ralph D. Mitzel, Inc. ("Mitzel").

In May of 2003, Ashby, through an oral agreement, hired Mitzel to rent grading equipment in connection with the grading at Ashby's real estate development site. (Defs.' Statement of Undisputed Fact ("SUF") ¶¶ 8–9.) Later that year, Mitzel's insurance broker, The Wooditch Company Insurance Services, Inc. ("Wooditch"), procured a commercial liability insurance policy (the "Policy") on his behalf from ASIC's licensed surplus line broker, Kevin Crombie of International E & S. (*Id.* ¶¶ 4, 19; Pl.'s Statement of Genuine Issues ("PSGI") ¶ 4.) The Policy, effective from September 1, 2003, to September 1, 2004, lists Mitzel as the Named Insured and contains a blanket additional insured endorsement (the "Blanket Endorsement"), which provides coverage to "those parties required to be named as an Additional Insured in a written contract with the Named Insured entered into prior to the loss or occurrence." (SUF ¶ 5.) Wooditch later provided Mitzel with a Certificate of Insurance (the "Certificate") and a specific additional insurance endorsement (the "Specific Endorsement") that purported to provide coverage for Ashby as an additional insured under the Policy. (*Id.* ¶ 14.)

In its motion for summary judgment, ASIC argues that (1) it is not bound by the Certificate or the Endorsement issued by Wooditch without its authorization and (2) Ashby does not qualify as an additional insured under the Policy's blanket additional insured endorsement. Plaintiff contends that there are triable issues of material fact as to (1) whether Ashby is an additional insured under the Certificate or

the Endorsement, (2) whether ASIC is bound by the Endorsement because Wooditch was its ostensible agent, and (3) whether Ashby qualifies as an additional insured under the blanket additional insured endorsement.

## II. Legal Standard

■ Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The nonmoving party is not, however, required to "produce evidence in a form that would be admissible at trial in order to avoid summary judgment." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at 248, 106 S.Ct. 2505. No genuine issue of fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III. Discussion

■ Resolution of Defendants' motion hinges on the fact that ASIC is a non-admitted or surplus line insurer. California law "prohibits the sale of insurance for an insurance company which is not admitted to transact business in California, un-

less the sale is made through a surplus line broker." *Nowlon v. Koram Ins. Ctr., Inc.,* 1 Cal.App.4th 1437, 2 Cal.Rptr.2d 683, 685 (1991). Specifically, the California Insurance Code prohibits a person from "transact[ing] any insurance ... with nonadmitted insurers, except by and through a surplus line broker licensed under this chapter, and upon the terms and conditions prescribed in this chapter." Cal. Ins.Code § 1761. It is a misdemeanor for one who is not a licensed surplus line broker to act as an agent for a nonadmitted insurer. *Id.* § 703. It is undisputed that Wooditch was not a licensed surplus line broker, that Kevin Crombie was ASIC's licensed surplus line broker, and that Wooditch procured the Policy on Mitzel's behalf.

### A. Ashby Is Not Insured Under the Specific Endorsement

### 1. Wooditch Had No Actual Authority to Bind ASIC

■ Plaintiff's first argument is that there is a triable issue of material fact as to whether Ashby is an additional insured based on the Certificate and the Specific Endorsement. In essence, Plaintiff argues that Wooditch was acting as ASIC's agent in providing the Certificate and the Endorsement.

■ Because the California Insurance Code prohibits California insureds from transacting business through nonadmitted insurers except through licensed surplus line brokers, the insured's broker either must be a licensed surplus line broker or must obtain insurance through a licensed surplus line broker in order to comply with the California Insurance Code. *Nowlon v. Koram Ins. Ctr., Inc.,* 1 Cal.App.4th 1437, 2 Cal.Rptr.2d 683, 686 (1991). A licensed surplus line broker "may issue evidence of insurance, including ... certificates evidencing the placement of insurance with an eligible nonadmitted insurer, and with

prior written authority may issue policies of the insurer." Cal. Ins.Code § 1764(a); *see also Pardee Constr. Co. v. Ins. Co. of the West,* 77 Cal.App.4th 1340, 92 Cal. Rptr.2d 443, 447 n. 2 (2000) ("A certificate of insurance is merely evidence that a policy has been issued. It is not a contract between the insurer and the certificate holder."). But, an insurance broker who secures a policy for a client "acts only as agent for the insured." *Carlton v. St. Paul Mercury Ins. Co.,* 30 Cal.App.4th 1450, 36 Cal.Rptr.2d 229, 232 (1994) (quotation marks and citation omitted).

Here, Plaintiff's own evidence demonstrates that "Wooditch provides brokerage services for select clients," which "include the procurement of insurance coverage for its clients," and that Wooditch "procured the Mitzel Policy *on behalf of Mitzel* from American Safety Indemnity Company's agent [licensed surplus line broker], International E & S Insurance Broker's Inc ('IES')." (Anderson Decl. ¶¶ 2, 5 (emphasis added).) Thus, Wooditch was acting "only as agent for the insured," and not as an agent for ASIC. *Carlton,* 36 Cal.Rptr.2d at 232.

■ Plaintiff submits the declaration of Mike Anderson, Wooditch's employee, which states that it was Wooditch's "custom and practice" to obtain verbal authorization from ASIC to modify policies via endorsements and that he is "informed and believe[s] that Wooditch followed the custom and practice outlined above with regard to the issuance of the Ashby Certificate of Insurance and the Additional Insured Endorsement...." (Anderson Decl. ¶ 13.) However, declarations made upon "information and belief" rather than upon personal knowledge are entitled to no weight at summary judgment. *Bank Melli Iran v. Pahlavi,* 58 F.3d 1406, 1412 (9th Cir.1995) (holding that declarations "on information and belief" are not enti-

tled to weight on summary judgment because the declarant lacks personal knowledge). Furthermore, Plaintiff's evidence shows that ASIC's own surplus line broker, Kevin Crombie—through whom Wooditch procured the Policy—did not have the required written authority from ASIC to issue endorsements himself, let alone to authorize the insured's broker to do so. (Knopfler Decl. Ex. J, Fisher Depo. 72:10–14.)

Therefore, the undisputed facts show that Wooditch issued the Certificate and the Specific Endorsement without actual authority to do so.

### 2. Wooditch Had No Apparent Authority to Bind ASIC

■ Alternatively, Plaintiff argues that even if Wooditch was not actually authorized to act on behalf of ASIC, he had apparent authority to do so.

■ "An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." Cal. Civ.Code § 2300. However, "[a] principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith, and without want of ordinary care, incurred a liability or parted with value, upon the faith thereof." *Id.* § 2334. These statutes require proof of three elements in order to establish that a principal is liable for the acts of an ostensible agent: (1) "the person dealing with the agent must do so with belief in the agent's authority and this belief must be a reasonable one," (2) "such belief must be generated by some act or neglect of the principal sought to be charged," and (3) "the third person in relying on the agent's apparent authority must not be guilty of negligence." *Mejia v. Cmty. Hosp. of San Bernardino*, 99 Cal.App.4th 1448, 122 Cal.

Rptr.2d 233, 239 (2002) (quotation marks and citation omitted).

Here, even assuming for the sake of argument that ASIC held out Wooditch as its agent through its acts or omissions, no evidence supports the remaining elements. As to the first element, Defendants have submitted Mitzel's declaration, which states that "[a]cting as my agent, Wooditch obtained [the Policy] from American Safety Indemnity Company," and that "[i]n connection with [the Policy], Wooditch acted as Ralph D. Mitzel, Inc.'s own agent." (Mitzel Decl. ¶ 7.) Defendants' evidence thus demonstrates that Mitzel understood Wooditch was acting as his own agent and not as ASIC's agent, and Plaintiff has submitted no evidence to the contrary. As to the third element, it would have been negligent for Mitzel to rely on any representations purporting to authorize Wooditch to act on ASIC's behalf, because it would have been a misdemeanor for Wooditch to do so without being a licensed surplus line broker. Cal. Ins.Code § 703.

Therefore, as a matter of law, ASIC is not bound by Wooditch's actions on a theory of ostensible agency.

### C. Ashby Is Not Insured Under the Blanket Endorsement

■ Finally, Plaintiff argues that there is a triable issue as to whether Ashby qualifies as an additional insured under the Blanket Endorsement issued with the Policy. The Blanket Endorsement provides that the Policy will cover as additional insureds "[t]hose parties required to be named as an Additional Insured in a written contract with the Named Insured entered into prior to the loss or occurrence." (SUF ¶ 7.)

Plaintiff argues that Mitzel signed a purchase order on Ashby's behalf and issued invoices to Ashby after Ashby hired him to rent grading equipment, writings which

may satisfy the Blanket Endorsement's requirements for additional insureds. (Opp'n 13:14–20; SUF ¶ 10.) However, there is no evidence that the purchase order or any other writing required Ashby to be named as an Additional Insured, in accord with the Blanket Endorsement. (SUF ¶ 7.)

Therefore, as a matter of law, Ashby does not meet the requirements of an additional insured under the Blanket Endorsement.

## IV.   Conclusion

The undisputed facts show that Ashby is not an insured under the Policy. Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment.

IT IS SO ORDERED.